IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **CALEB L. MCGILLVARY**, | : | |
| Plaintiff, | : | No. 24-cv-9507-JMY |
| | : | |
| vs. | : | |
| | : | |
| **MICHAEL T.G. LONG, MATTHEW J.** | : | |
| **PLATKIN, J. STEPHEN FERKETIC,** | : | |
| **NJ DEPARTMENT OF LAW & PUBLIC** | : | |
| **SAFETY, AND** | : | |
| **THE STATE OF NEW JERSEY**, *et al.* | : | |
| Defendants. | : | |

**MEMORANDUM**

**Younge, J.**                                                                                       March 6, 2025

Currently before the court is an *Ex Parte Motion for Emergency Relief* filed by the Plaintiff, Caleb L. McGillvary. (*Ex Parte Motion for Emergency Relief*, ECF No. 36.) The Court finds Plaintiff's *Ex Parte Motion for Emergency Relief* appropriate for resolution without oral argument. For the reasons set forth below, Plaintiff's motion will be denied without prejudice.

**I.     FACTUAL AND PROCEDURAL HISTORY:**

Plaintiff is presently incarcerated at New Jersey State Prison, where he is serving a fifty-seven-year sentence for the 2013 murder of Joseph Galfy, Jr. *See State v. MCgillvary*, No. A-4519-18, 2021 N.J. Super. Unpub. LEXIS 1651, at *1-2 (App. Div. May 12, 2021). Plaintiff previously filed a separate lawsuit, *McGillvary v. Scutari*, No. 23-cv-22605-JMY (D.N.J.), which was assigned to this Court. The Court filed a series of Memorandums in connection with its decision to deny Plaintiff's request for injunctive relief in that matter, and in connection with the Court's decision to grant motions to dismiss. *McGillvary v. Scutari*, No. 23-cv-22605-JMY, 2024 U.S. Dist. LEXIS 143034 (D.N.J. August 12, 2024) (Memorandum found at electronic filing number 81 in that case.); *McGillvary v. Scutari*, No. 23-cv-22605-JMY, 2024 U.S. Dist.

LEXIS 231615 (D.N.J. December 23, 2024) (Memorandum found at electronic filing number 309 in that case.). The Memorandums that were previously entered by this Court set forth the relevant factual and procedural history related to Plaintiff's criminal conviction. Therefore, it would be redundant to reiterate herein again the factual and procedural history associated with Plaintiff's criminal conviction, and the Court will refer the reader to these previous Memorandums for a discussion on those topics.

Plaintiff filed an Amended Complaint in this matter on March 3, 2025. Plaintiff asserts claims under the Rehabilitation Act, 29 U.S.C. § 794 and the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101 to 12213. (*Amended Complaint* ¶¶ 22-41, ECF No. 40.) In this litigation, Plaintiff asserts claims arising from a *Petition to the Attorney General and the Department of Law and Public Safety – Division of Criminal Justice, Police Training Commission to Adopt a New Rule* (hereinafter "*Petition*") that Plaintiff filed with the New Jersey Attorney General's Office. (*Amended Complaint* ¶¶ 33, 40; *Petition to the Attorney General and the Department of Law and Public Safety – Division of Criminal Justice, Police Training Commission to Adopt a New Rule, Complaint* Ex. A, ECF No. 7.) Plaintiff alleges that on August 14, 2024, the New Jersey Attorney General's Office wrongfully denied his *Petition* which proposed a new regulation. (*Amended Complaint* ¶¶ 40-41.) Plaintiff contends that the denial of his proposed regulation was arbitrary, capricious, and contrary to establish law. (*Id.*)

In his *Petition*, Plaintiff proposes a regulation that would require, among other things, that "all law enforcement licensees to undergo polygraph examinations to screen for non-convicted sexual offenders." (*Petition* page 8.) Plaintiff further alleges that the New Jersey Attorney General's Office is responsible for screening correctional officers and potential correctional officers in the New Jersey Department of Corrects. (*Petition* page 8-9.) Plaintiff

also alleges that the New Jersey Attorney General's Office is vested with the authority to enact Plaintiff's proposed regulation which would require correctional officer and potential correctional officers in the New Jersey Department of Corrections (NJDOC) to undergo polygraph (lie detector) testing. (*Amended Complaint* ¶¶ 30-33, *Petition* page 9.) Plaintiff argues that enhanced screening in the form of polygraph testing is necessary to prevent non-convicted sexual predators from becoming correctional officers in the NJDOC. (*See Motion for Preliminary Injunction*, ECF No. 10.)

In this litigation, Plaintiff seeks equitable relief in the form of a court order that would implement the proposed regulation set forth in his *Petition*. (*Amended Complaint* ¶¶ 156-158 (Prayer for Relief)). Plaintiff seeks implementation of polygraph testing to ensure that he does not come in contact with correctional officers who are non-convicted sexual predators. (*See Id.* ¶¶ 26-27.) Plaintiff requests implementation of polygraph (lie detector) testing to determine the sex offender status of correctional officers and applicants who are seeking to become correctional officers. (*See Amended Complaint*.)

Plaintiff also asserts various claims for violation of his Constitutional and civil rights against Defendants who are employees and agents of the state of New Jersey which include correctional officers and staff who work for the NJDOC. (Id. ¶¶ 3-21.) For example, Plaintiff asserts a claim for retaliation under the First Amendment and for deprivation of his Constitutional rights. (*Id.* ¶¶ 43-53 (Count Three).) Plaintiff also asserts claims for retaliation under the Americans with Disabilities Act, Rehabilitation Act, and retaliation for exercising his Constitutional rights including his First Amendment right to freedom of speech. (*Id.* ¶¶ 54-76) (Count Four), ¶¶ 77-98 (Count Five).) Finally, Plaintiff asserts a Federal Civil RICO Claim

against Defendants who are state of New Jersey employees or agents. (*Id.* ¶¶ 99-151 (Count Six).)

## II.  DISCUSSION:

The Court will deny Plaintiff's *Ex Parte Motion for Emergency Relief* because he seeks relief that is completely untethered to his *Amended Complaint*. In this instance, Plaintiff seeks injunctive relief in the form of a court order preventing the U.S. Department of Homeland Security, U.S. Customs Enforcement, from deporting him to Guantanamo Bay, Cuba. However, Plaintiff's request for injunctive relief requires "a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Ball v. Famiglio*, 396 Fed. Appx. 836, 837 (3d Cir. 2010); *see also Adams v. Freedom Forge Corp.*, 204 F.3d 475, 489-90 (affirming denial of injunction where plaintiffs' harm was "insufficiently related to the complaint and [did] not deserve the benefits of protective measures that a preliminary injunction affords"). As a result, "a court must dismiss a request for injunctive relief if it is not of the same character [] and deals with a matter lying wholly outside the issues in the suit." *Conrad v. Merendino*, 2023 U.S. Dist. LEXIS 214894, *4-5 (D.N.J. Dec. 4, 2023).

In *Ball*, 396 Fed. Appx. at 837, the Third Circuit Court of Appeals affirmed the dismissal of the plaintiff-prisoner's motion for preliminary injunction, which alleged assault by a non-defendant corrections officer and sought an order directing him to "stay away" from plaintiff. The plaintiff's underlying complaint related to deliberate indifference to serious medical needs under the Eighth Amendment. *See id.* The Third Circuit Court of Appeals noted that "most of the relief [plaintiff] requests [was] completely unrelated to the allegations contained in her amended complaint" and thus was inappropriate to assert in her preliminary injunction motion. *Id.* at 838. The Court further explained that the plaintiff's "only requests for relief arguably

4

related to her complaint are that she 'want[s] medical treatment when requested' and for her 'meds not to be stopped,'" but even those requests were denied injunctive relief because the plaintiff could not prove that proper medical attention would not be provided in the future or that, even if not, any resulting harm would be irreparable. *Id.*

There is a tenuous relationship between allegations asserted in Plaintiff's *Amended Complaint*, and the request for injunctive relief sought in Plaintiff's *Ex Parte Motion for Emergency Relief* which makes the situation presented in the case *sub judice* strikingly similar to the situation presented in *Ball*. In this lawsuit, Plaintiff asserts claims against Defendants who are purportedly agents or employees of the state of New Jersey. Plaintiff seeks implementation of enhanced screening measures to provide protection from correctional officers who are purported sexual predators. Plaintiff avers that he is being subject to pat-down searches by correctional officers who are sexual predators when he attempts to use the prison law library and mailroom. He then implicates his First Amendment Constitutional rights by arguing that he is being denied access to the prison law library, the mailroom where his mailbox is located, and other programs or services necessary to represent himself in ongoing litigation. (*Plaintiff's Reply Brief* page 7.)

In stark contrast to allegations and legal theories asserted in the *Amended Complaint*, Plaintiff's *Ex Parte Motion for Emergency Relief* seeks to enjoin federal deportation proceedings that Plaintiff alleges could potentially be brought against him by the federal government, and specifically, the U.S. Department of Homeland Security, U.S. Immigration & Customs Enforcement. Plaintiff has not named the United States government or any federal entity as a Defendant in the case *sub judice*. Plaintiff has, however, filed a *Petition for Writ of Habeas Corpus* against the U.S. Department of Homeland Security, U.S. Immigration & Customs

Enforcement in the United States District Court of New Jersey. *McGillvary v. U.S. Department of Homeland Security*, No. 25-cv-1497-EP. Therefore, Plaintiff's *Ex Parte Motion for Emergency Relief* is duplicative of claims asserted in his Petition for Writ of Habeas Corpus and would be more appropriately addressed in Plaintiff's Habeas proceeding.

### III.  CONCLUSION:

For these reasons, Plaintiff's *Ex Parte Motion for Emergency Relief* will be denied without prejudice. An appropriate order will be entered by the Court.

BY THE COURT:

/s/ John Milton Younge
Judge John Milton Younge