

*State of New Jersey*
DEPARTMENT OF LAW AND PUBLIC SAFETY
DIVISION OF LAW
25 MARKET STREET
PO BOX 112
TRENTON, NJ  08625-0112

MIKIE SHERRILL
Governor

DR. DALE G. CALDWELL
*Lt. Governor*

JENNIFER DAVENPORT
Attorney General

MICHAEL C. WALTERS
*Director*

July 9, 2026

**<u>VIA CM/ECF</u>**
Honorable John Milton Younge, U.S.D.J.
15613 U.S. Courthouse
601 Market Street
Courtroom 15-B
Philadelphia, PA 19106

> **Re:    Caleb McGillvary v. Michael T.G. Longe, et al.**
> **Civil Action No. 1:24-cv-09507-JMY**
>
> **NJDOC Defendants' Request for Leave to File Out of Time and Opposition to Plaintiff's Motion for Preliminary Injunction**

Dear Judge Younge:

The undersigned represents Defendants New Jersey Department of Corrections ("NJDOC"), NJDOC Officers Michael Kostbar, B. Ramos-Ordonez, Victor Poupart, and Derrick Bodtmann, and Library Teacher John Burns (collectively, "NJDOC Defendants") in the above-referenced matter.  At this time, the NJDOC Defendants' response to Plaintiff's motion for a preliminary injunction [ECF No. 167] was due on June 14, 2026, a Sunday (June 15, 2026) [ECF No. 168]. The NJDOC Defendants respectfully request that the Court accept this Opposition to Plaintiff's Motion for Preliminary Injunction out of time.

Plaintiff's arguments in this omnibus Motion refer to an unrelated matter, *McGillvary v. Riez*, Dkt. No. 3:22-cv-06430-MAS-JBD wherein subpoenas for the records at issue herein were quashed on relevancy grounds. *See* Exhibit A, Order Quashing Subpoenas.  Additionally, the Law Department puts a litigation hold on all materials a client may possess as soon as litigation commences specifically to





prevent spoliation.  This would make the emergent preservation of documents a moot issue.  In other words, the Law Department's litigation hold process safeguards all evidence in the possession and under the **direct** control of the NJDOC with regard to this matter. Both an injunction and evidentiary hearing are not required at this stage since they are premature. A discovery order would be preferred, however Plaintiff's discovery demands are overbroad and – at least in the case of JPAY metadata – directed at the inappropriate party.

In *Berroa v. Sumner*, No. 17-4910 (NLH)(AMD), 2018 U.S. Dist. LEXIS 167160, at *4-5 (D.N.J. Sep. 28, 2018) the Plaintiff cited to a matter that "involved the denial of a preliminary injunction to preserve evidence, in which the court found that **an injunction would be unnecessary because the defendants were already [\*5] on notice and under a legal obligation to preserve evidence after the service of the litigation hold notice**. *See Gambino v. Hershberger*,700 Fed. Appx. 272 (4th Cir. 2017) ("The district court denied the motions [for injunctive relief] and dismissed the complaint because the Government, once on notice of the potential lawsuit, was already obligated to preserve any existing evidence."). This authority cited by Plaintiff simply demonstrates that a federal civil action need not be commenced in order to issue a litigation hold notice and that injunctive relief would be inappropriate in light of the existing duty to preserve evidence." (emphasis added)

This matter presents an identical set of circumstances.

The purpose overall of a preliminary injunction is to "preserve the relative positions of the parties until a trial on the merits can be held." *Delaware State Sportsmen'sAss'n, Inc. v. Delaware Dep't of Safety & Homeland Sec.,* 108 F.4th 194, 200 (3d Cir. 2024) (quotation and citation omitted). Injunctive relief is an "extraordinary remedy, which should be granted only in limited circumstances." Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharms. Co., 290 F.3d 578, 586 (3d Cir. 2002) (quotation and citation omitted).  There is no question that both Plaintiff and the NJDOC Defendants in this litigation have a vested interest in preservation of all *relevant* evidence.

Indeed the requisite irreparable harm as stated by Plaintiff in his Motion "must be actual and imminent, not merely speculative." *Eaton Corp. v. Geisenberger*, 486 F. Supp. 3d 770, 798 (D. Del. 2020), (quoting *Siemens USA Holdings Inc v. Geisenberger,* 17 F.4th 393 (3d Cir. 2021)).

July 9, 2026
Page 3

In this motion, Plaintiff asserts that the "NJDOC's letter from counsel [in *Riez*] stat[ed] they make no guarantees of preservation. . ." ECF 167 at p. 5, ¶ 1 somehow justifies an emergent motion for injunctive relief in this matter. Plaintiff has not alleged any actual or imminent harm and merely speculates potential harm in the future based on an alleged communication from unnamed counsel from an unrelated case. One cannot imagine any situation more speculative than asserting that unidentified counsel on another matter allegedly said something in that matter that somehow negates the duty to preserve evidence imposed on the NJDOC through the litigation hold process already in place.

Generally, courts are very hesitant to interfere with the day-to-day operations of prisons. *See Wesley v. Sec'y Pennsylvania Dep't of Corr.,* 569 F.App'x at 125; *Robertson v. Samuels*, 593 F.App'x 91, 93 (3d Cir. 2014)(citing *Sandin v. Conner*, 515 U.S. 472, 482 (1995)); *Thorn v. Smith*, 207 F.App'x 240, 242 (3d Cir. 2006).

In this case, Plaintiff is asking the Court to order the NJDOC to do what it is already asked to do by way of the litigation hold process that is initiated upon receipt of the Complaint. He is also vicariously asking that this Court order a third-party non-NJDOC entity – the one that owns the JPAY system and possesses the metadata – to do something over which the NJDOC has no control.

The public interest is not served when federal courts interfere in the administration and management of incarceration of an inmate. *Robertson*, 593 F.App'x at 93; *Thorn* 207 F.App'x at 242 (public interest is not served when an injunction would impose serious financial and administrative hardship). The sheer volume of records sought to be preserved is unduly burdensome in and of itself.

Because these issues took longer to more completely address Plaintiff's arguments due to the entanglement with an unrelated matter, it is again respectfully requested that this Opposition be accepted out of time. It is submitted that Plaintiff will not be prejudiced by accepting this opposition out of time.

Thank you in advance for your time and consideration of this request. Should the Court have any questions or concerns, please contact me.

July 9, 2026<br>
Page 4

Respectfully submitted,

JENNIFER DAVENPORT
ATTORNEY GENERAL OF NEW JERSEY

By:   /s/Lisa Adams
       Lisa Adams
       Deputy Attorney General

c. Caleb McGillvary (via U.S. Mail)