UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CALEB L. MCGILLVARY,

              Plaintiff,

              v.

RONALD RIEZ, *et al.*,

              Defendants.

Civ. No. 22-06430 (MAS)(JBD)

**ORDER**

Before the Court is a request by non-party New Jersey Department of Corrections ("NJDOC") to quash several subpoenas that plaintiff Caleb L. McGillvary has served on it in this case. [Dkt. 156.][1] The subpoenas seek, among other things, video surveillance footage, body worn camera footage captured within New Jersey State Prison ("NJSP"), JPay[2] metadata and accessibility information, JPay information involving non-party inmates, JPay inquiries and grievances, and Special Investigations Divisions reports. [Dkts. 156-1, 156-2.] McGillvary opposes NJDOC's request. [Dkts. 166, 170.] The Court has reviewed the subpoenas, the parties'

---

[1] NJDOC specifically requested to quash two subpoenas that McGillvary served. *See* [Dkts. 156-1, 156-2]. McGillvary served a third subpoena that appears to seek similar materials as the first two, but NJDOC does not specifically address the third subpoena in its briefing and only requests that the Court quash two of them. *See* [Dkt. 166] at Ex. A. In light of the Court's discussion below, the Court will direct NJDOC to file a letter no later than May 6, 2026 apprising the Court of its intentions with respect to the third subpoena. The Court will take appropriate action upon receipt of that letter.

[2] JPay is an NJDOC partner that offers communication and financial services to incarcerated individuals and their families and friends. *About JPay*, JPAY, https://www.jpay.com/AboutUs.aspx (last visited April 17, 2026).

submissions, and applicable law, and it held a telephone status conference with NJDOC and McGillvary on February 18, 2026 (the "February 18 Conference"), during which it heard argument from both sides.  For the reasons discussed during the February 18 Conference, and further set forth below, NJDOC's request to quash the subpoenas is granted.[3]

*

Rule 45 of the Federal Rules of Civil Procedure governs subpoenas issued in federal civil cases.  Rule 45(d)(3) authorizes the Court to quash a subpoena if, among other things, the subpoena subjects the recipient to an undue burden.  Importantly, though, a party may not seek discovery from a non-party through a Rule 45 subpoena that strays beyond the scope of party discovery, which Rule 26(b) governs.  Accordingly, Rule 26(b) also applies to a Rule 45 subpoena seeking discovery from a non-party.  *See In re Novo Nordisk Sec. Litig.*, 530 F. Supp. 3d 495, 501 (D.N.J. 2021) ("The scope of discovery pursuant to Rule 45 is the same as Rule 26(b)."); *accord E.S. v. Elizabeth Bd. of Educ.*, Civ. No. 20-1027 (AME), 2022 WL 2106382, at *2 (D.N.J. June 10, 2022).  Rule 26 provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).  "Rule 26 is to be construed liberally in favor of disclosure, as relevance is a broader inquiry at the discovery stage than at the trial stage."

---

[3]     The Court writes for the parties and NJDOC, all of whom are well versed on the particulars of this case.  The Court therefore dispenses with background and proceeds directly to analyzing the present dispute.

*Buckhead Meat Co. v. AEBB of Greenwich Corp.*, Civ. No. 19-16766 (JBC), 2022 WL 16708988, at *1 (D.N.J. Feb. 10, 2022) (citation omitted).

Although the scope of discovery is broad, it "is not unlimited and may be circumscribed." *Bayer AG v. Betachem, Inc.,* 173 F.3d 188, 191 (3d Cir. 1999) (citation omitted). Relevant here, the Court may limit discovery that is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Accordingly, "[i]f a subpoena requests information that does not fall within the permissible scope of discovery under Rule 26, the subpoena may be quashed or modified." *Doe v. Princeton Univ.*, 349 F.R.D. 92, 96 (D.N.J. 2025) (citation omitted).

It also warrants emphasis that under Rule 45(d)(1), "[a] party . . . responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Thus, "a non-party to litigation is afforded greater protection from discovery than a party." *Burgess v. Galloway*, Civ. No. 20-6744 (DEA), 2021 WL 2661290, at *3 (D.N.J. Jan. 28, 2021) (citation omitted).

The movant (here, NJDOC) bears the burden of persuasion to quash a subpoena. *In re Lazaridis*, 865 F. Supp. 2d 521, 524 (D.N.J. 2011). Ultimately, however, the Court "has broad discretion regarding the enforcement of subpoenas" and the appropriate scope of discovery. *Tattle Tale Portable Alarm Sys., Inc. v. Calfee,*

*Halter & Griswold, LLP*, Civ. No. 11-7013 (MAH), 2012 WL 1191214, at *3 (D.N.J. Apr. 10, 2012) (citation omitted); *see also Bayer*, 173 F.3d at 191; *Forrest v. Corzine*, 757 F. Supp. 2d 473, 477 (D.N.J. 2010) ("Magistrate Judges are given wide discretion to manage cases and to limit discovery in appropriate circumstances.").

*

NJDOC challenges the subpoenas here on the grounds that the materials McGillvary seeks are not relevant, would pose a security risk if disclosed, and/or consist of "sensitive records concerning non-party [incarcerated persons] to which [McGillvary] is not entitled."  [Dkt. 156] at 1-2; [Dkt.171] at 1-2.  In opposition, McGillvary contends that the requested materials are relevant because they will "show[] numerous NJDOC officers engaging in deliberately obstructive and antagonistic behavior towards [him] temporally proximal to hearings and deadlines in this action, would be useful as impeachment evidence, and to show [NJDOC's] bias against [him]."  [Dkt. 170] at 7.

The Court agrees with NJDOC.  The materials that McGillvary seeks through the subpoenas here are not relevant to the parties' claims and defenses.  This action is based on McGillvary's allegation that defendant Riez violated the Eighth Amendment in December 2021 by intentionally damaging his tooth with a dental drill during a dental visit.  The subpoenas here, however, seek information stemming from alleged incidents that occurred in November 2025 and/or that seemingly involves NJDOC officers and inmates not party to this case, with no apparent connection to the

underlying claim at issue in the operative (or forthcoming supplemental) complaint.[4]

*Schmulovich v. 1161 Rt. 9 LLC*, Civ. No. 07-597 (TJB), 2008 WL 4572537, at *5

(D.N.J. Oct. 14, 2008) (quashing subpoena on relevance grounds where plaintiffs

"fail[ed] to show how the subpoenaed information w[ould] assist them in pursuing

their claims . . . or defend against those raised against them by [the] [d]efendants in

th[at] litigation.").

Moreover, while McGillvary argues that the subpoenaed materials may lead to

the discovery of relevant impeachment evidence, his theory that NJDOC "has been

engaging in conduct to deliberately to disrupt [his] ability to litigate, and has thereby

manifested a bias against him," [Dkt. 170] at 5, is speculative. The Court agrees with

NJDOC that "it appears [McGillvary] is aggrieved by certain actions, or perceived

actions, by [NJDOC] staff and he is using the subpoenas to conduct a fishing

expedition to substantiate conspiracy theories about collusion and bias." [Dkt. 171] at

2. Such an expedition is not within the appropriate bounds of discovery. *Am. Classics*

---

[4]    In a separate Memorandum Order filed contemporaneously with this Order, the Court grants in part and denies in part McGillvary's motion for leave to file an amended or supplemental complaint. [Dkt. 173.] Relevant here, the Court granted McGillvary leave to file a supplemental complaint asserting claims for negligence and fraudulent concealment against Riez, University Correctional Health Care, a constituent unit of Rutgers, the State University of New Jersey, Samuel Lopez, Joel Berhard, John Doe 1 (an unknown Rutgers employee who allegedly accessed McGillvary's medical records), and John Doe 2 (an unknown NJDOC employee who allegedly accessed McGillvary's medical records) based on the alleged destruction and/alteration of McGillvary's dental x-rays and medical records. McGillvary's subpoenas are irrelevant to his forthcoming claims for largely the same reasons they are irrelevant to his existing Eighth Amendment claim: The information that McGillvary seeks in his subpoenas significantly post-date his new claims, which are based on actions allegedly taken between November 2, 2022 and November 11, 2022, and do not request information related to his allegedly lost or destroyed x-rays and medical records.

*of Lakewood, LLC v. Buchanan*, Civ. No. 22-5382 (JTQ), 2025 WL 3228254, at *2 (D.N.J. Nov. 19, 2025) ("courts should not allow discovery to 'serve as a fishing expedition.'" (quoting *Saller v. QVC, Inc.*, 2016 WL 8716270, at *5 (E.D. Pa. June 24, 2016)).

Finally, even assuming, for discussion's sake, that the materials that McGillvary seeks through the subpoenas have some marginal relevance to *this* case, the Court concludes that the requested discovery is not commensurate or proportional to the needs of the case. Given NJDOC's non-party status, the fact that the production of this information would likely require, at a minimum, tedious review, significant redactions, the need for *in camera* review in light of the security concerns that NJDOC highlights, *see* [Dkt. 156] at 2; [Dkt. 171] at 2, and the fact that the requested materials would do little, if anything, to assist McGillvary in establishing or advancing his Eighth Amendment claim or forthcoming claims for negligence and fraudulent concealment, the Court concludes that the burden and expense to NJDOC far outweighs the utility to McGillvary in obtaining the information. This imbalance warrants the denial of McGillvary's requested discovery. *In re EthiCare Advisors, Inc.*, Civ. No. 20-1886 (MF), 2020 WL 4670914, at *4-5 (D.N.J. Aug. 12, 2020) (denying motion to compel compliance with a subpoena where the movant had not shown the information sought was relevant, and even if it had some minimal possible relevance, it would not be proportional to the needs of the case).[5]

---

5      McGillvary argues that the Court should, "at the very least," conduct "an *in camera* review . . . of the badge cam footage." [Dkt. 170] at 5. In light of the Court's analysis above, the Court rejects that request.

Exercising this Court's broad discretion to regulate discovery and considering the nature of the discovery sought and the needs of the case, the Court concludes that the subpoenas seek materials outside the permissible scope of discovery; the requested information is not relevant and not proportional to the needs of the case. Accordingly, the Court GRANTS NJDOC's request to quash the two subpoenas addressed in the parties' briefing. No later than May 6, 2026, NJDOC shall file a letter via CM/ECF settting forth its intentions with respect to the third subpoena that McGillvary served upon it. *See supra* n.1. The Court will take appropriate action upon receipt of that letter.

**IT IS SO ORDERED** on this **29th** day of **April**, **2026**.

J. BRENDAN DAY
UNITED STATES MAGISTRATE JUDGE