Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ 08625



July 17, 2026

Hon. John Milton Younge, U.S.D.J.
15613 US Courthouse
601 Market St.
Philadelphia, PA 19106

      RE: Caleb L. McGillvary v. Michael T.G. Long et al
      Civil Action No. 1:24-cv-09507-JMY
      Hon. John Milton Younge, U.S.D.J.

Dear Judge Younge;

      Please accept this letter in lieu of a more formal brief in reply to the Defendants' opposition to my omnibus motion, ECF 170.

      Defendant New Jersey Department of Corrections ("NJDOC") claims that the arguments in Plaintiff's motion pertain to an unrelated matter. Yet the arguments are that NJDOC engages in a pattern and practice of obstructing inmate litigation, and this matter concerns just such a campaign of harassment directed at Plaintiff. The order attached to NJDOC's opposition specifically says "the requested materials would do little, if anything, to assist McGillvary in establishing or advancing his Eighth Amendment claim or forthcoming claims for negligence and fraudulent concealment." See ECF 170-1 at pp. 5. Those claims are not at issue in this case, and so the order is inapposite. Rather, this case involves ADA/RA and First Amendment retaliation claims, for which the requested evidence is quite clearly relevant and material: As stated in the motion papers, this evidence shows NJDOC officers retaliating against Plaintiff for

1

his petitions for redress, by threatening rape, dumping urine on the kiosk, otherwise disabling the kiosk, and a host of other harassing behaviors.

And as the Exhibit A attached to the Declaration in support of this reply shows, many of the requested items of relevant and material evidence post-date the claims at issue in the First Amended Complaint in this matter. Specifically, the video evidence of NJDOC officers grabbing Plaintiff's buttocks subsequent to pat-down searches on the way to the law library; dumping uring onto the kiosks, and deliberately switching off the kiosk router to Plaintiff's unit to disable his ability to correspond; are all habit and routine organizational practice evidence to the claims at bar in this matter. See Fed. R. Evid. 406. Whether or not Plaintiff is permitted to file a supplemental complaint containing these continuing instances of the campaign of harassment by NJDOC against him in retaliation for his ADA/RA and First Amendment rights, the substantive value of this evidence in proving such a campaign cannot be gainsaid.

I mean, all fancy legal language aside, we're talking about video of cops dumping uring on computer hardware here. Video of cops literally slapping and grabbing an inmate's buttcheeks **after a pat-down search had been concluded,** in a very disturbing physically-assaultive threat of rape in retaliation for this very suit. A campaign of harassment is something that's shown by enough dots being connected to form a bigger picture of retaliation, and these are some VERY BIG DOTS. These are dots which the jury needs to see.

2

And because NJDOC has specifically couched their opposition in terms of preserving **only evidence referred to in the complaint,** they are implying that they aren't committed to preserving these particular REALLY BIG DOTS in the picture. Counsel for NJDOC in the Riez case, Michael B. McNeill, likewise indicated a lackluster committment to preserving the very relevant and material evidence. That just isn't good enough. The Court, the People, and Plaintiff  deserve better from the Government of New Jersey.

However, as the understated *yet brilliant* counsel for NJDOC in this case has noted, the Court could instead issue a discovery order to preserve the evidence requested. Plaintiff does not oppose this, and in fact agrees that it would be preferable. For all the foregoing reasons, both parties are in agreement that it would be best for the Court to issue a discovery order on the evidence at issue in this motion, and  so please let this letter serve as a notice, motion, and proposed order  for the Court to do so under Fed. R. Civ. P. 26, with the Declaration in support hereof. Plaintiff requests the Court to so order this letter that the evidence requested be perserved by NJDOC.

Respectfully Submitted,

Caleb L. McGillvary
In Propria Persona

ENCL:
CC: FILE

3