**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **CALEB L. MCGILLVARY**, Plaintiff, | : | No. 24-cv-9507-JMY |
| vs. | : | |
| **STATE OF NEW JERSEY**, et al., Defendants. | : | |

**ORDER**

**AND NOW**, this 14th day of October 2026, upon consideration of the *Motion for Temporary Restraining Order and Preliminary Injunction* to Preserve Evidence[1] (ECF No. 167) filed by Plaintiff Caleb L. McGillvary, and all papers submitted in support thereof and in opposition thereto, it is hereby **ORDERED** that said Motion is **DENIED**.[2]

**BY THE COURT**:

/s/ John Milton Younge
Judge John Milton Younge

---

[1] **Legal Standard for Injunctive Relief**:

Before granting a preliminary injunction, a district court must find that Plaintiff has established four factors:

> (1) the likelihood that the plaintiff will prevail on the merits at final hearing; (2) the extent to which the plaintiff is being irreparably harmed by the conduct complained of; (3) the extent to which the defendant will suffer irreparable harm if the preliminary injunction is issued; and (4) [that] the public interest [weighs in favor of granting the injunction].

*Greater Phila. Chamber of Commerce v. City of Phila*., 949 F.3d 116, 133 (3d Cir. 2020) (alterations in original) (quoting *Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1427 (3d Cir. 1994)); *see also Winter v. NRDC*, 555 U.S. 7, 20 (2008). The first two factors are the "most critical," and "[i]f these gateway factors are met, a court then considers the remaining two factors and determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief." *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017); *accord Fulton v. City of Phila*., 922 F.3d 140, 152 (3d Cir. 2019).

Only when all four (4) factors are met should a court consider granting a plaintiff's motion for preliminary relief. *American Tel. and Tel. Co. v. Winback and Conserve Program, Inc.*, 42 F.3d 1421, 1427 (3rd Cir. 1994). The failure to establish any of the four (4) elements makes the granting of a preliminary injunction inappropriate. *NutraSweet Company v. Vit–Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir.1999).

---

[2] **Discussion:**

Plaintiff initiated this action by filing a Complaint in which he asserts claims under the Rehabilitation Act, 29 U.S.C. § 794 and the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101 to 12213 in connection with Defendants' August 5, 2024, rejection of his petition for rulemaking. (*Complaint* ¶¶ 7, 24.) In his petition for rulemaking, Plaintiff proposed a regulation that would require, among other things, that potential New Jersey Department of Corrections (NJDOC) employees undergo pre-employment polygraph (lie detector) tests. (*Id.* at 20, 28, *Complaint*, Exhibit A, ECF No. 7.) Plaintiff argues that enhanced screening, which would include polygraph testing, is necessary to prevent non-convicted sexual predators from becoming correctional officers in the NJDOC. (*Id.*) In this litigation, Plaintiff contends that the denial of his proposed regulation was arbitrary, capricious, and contrary to establish law. (*Id.* at 20, 28.)

Plaintiff has now filed an emergency motion for injunctive relief in which Plaintiff seeks to preserve various items of evidence allegedly related to his case and other litigation that Plaintiff is actively pursuing. For example, Plaintiff seeks to preserve metadata for kiosks #27 and #47 on 6 Wing, Right Side, New Jersey State Prison, and the network device which routes the kiosks to the main JPay server. Plaintiff also seeks to preserve, among other things, a list of all NJDOC employees who had access to special functions on JPAy which permits access to inmate mail, inboxes and outboxes, and tablets along with select inquiries and grievances from JPay that are identified in Plaintiff's motion. Plaintiff also requests preservation of video surveillance footage from various locations inside of New Jersey state prison along with video and audio from badge cameras worn by NJDOC Correctional Officers.

The Court previously denied Plaintiff's motion for a temporary restraining order (Order, ECF No. 168), and the Court now denies his motion for injunctive relief because Plaintiff fails to meet the requirements of the four-factor test necessary for the award of injunctive relief. Plaintiff has failed to demonstrate that he can establish the second factor necessary for the award of injunctive relief. Plaintiff has failed to demonstrate that he will suffer irreparable harm in the absence of a preliminary injunction because the NJDOC Defendants have indicated that a litigation hold has been put in place to cover evidence related to this case. (NJDOC Defendants' Opposition to Plaintiff's Motion for Preliminary Injunction page 3, ECF No. 170.)

The NJDOC Defendants respond to Plaintiff's motion for injunctive relief by averring that, "Plaintiff is asking the Court to order the NJDOC to do what it is already asked to do by way of the litigation hold process that [was] initiated upon receipt of the Complaint." (*Id.*) To establish irreparable harm, Plaintiff must establish harm that is "actual and imminent, not merely speculative." *Eaton Corp. v. Geisenberger*, 486 F. Supp. 3d 770, 798 (D. Del. 2020) (quoting *Siemens USA Holdings, Inc., v. Geisenberger*, 17 F.4th 393 (3d Cir. 2021)). In this instance, Plaintiff seeks a mandatory injunction which means he must meet a heightened standard. *Feering Pharm., Inc. v. Watson Pharm., Inc.*, 765 F.3d 205, 219 n.13 (3d Cir. 2014); *see also Acierno v. New Castle Cty.*, 40 F.3d 645, 653 (3d Cir. 1994) ("A party seeking a mandatory preliminary injunction that will alter the status quo bears a particularly heavy burden in demonstrating its necessity.").

Given the litigation hold that has been put in place, Plaintiff cannot establish that he will suffer irreparable harm if the Court does not enter an injunctive order to preserve evidence.